IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LINDA L. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00075-DGK |
| | ) |
| CADUCEUS OCCUPATIONAL | ) |
| MEDICINE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER DETERMINING COSTS

On March 28, 2024, the Court granted Defendant's motion for summary judgment on Plaintiff's remaining retaliation claim. ECF No. 74. Now before the Court is Defendant's proposed bill of costs in the amount of $1,971.62. ECF No. 76 (filed April 17, 2024). Plaintiff has not responded or otherwise objected, and the May 1, 2024, deadline to do so has passed. For the following reasons, the Court awards Defendant $1,971.62 in costs.

**Standard**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "district court has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quotation omitted).

28 U.S.C. § 1920 identifies six expenses that may be taxed as costs, including two that are at issues here: (1) "Fees of the clerk and marshal;" and (2) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(1)–(2). The Court's power to tax costs is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Although 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* When a district court denies a claim for costs, it must specify its reasons for doing so. *Thompson*, 472 F.3d at 517.

## Discussion

Defendant argues it is entitled to $100.00 for "Fees of the Clerk" and $1,871.62 for three deposition transcripts and the service charge associated with Plaintiff's video deposition.

Because fees of the clerk are recoverable under § 1920, Defendant is entitled to the $100.00 clerk fee.

In determining whether transcription fees and other deposition-related costs are compensable under § 1920, the relevant question is not whether the depositions were used to decide the summary judgment motion, but whether they "reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). To be compensable, the transcripts must be "necessary for use in the case" and "not obtained primarily for the convenience of the parties." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985). Considering the case was determined at the summary judgment stage, it appears the depositions were reasonably necessary at the time they were taken. Accordingly, all three of the deposition transcripts and their associated fees are compensable.

**Conclusion**

Based on the foregoing, the Court awards Defendant $1,971.62 in costs.

**IT IS SO ORDERED.**

Date:  May 28, 2024    /s/ Greg Kays
                       GREG KAYS, JUDGE
                       UNITED STATES DISTRICT COURT